**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PATRICIA ROSS,

          Plaintiff,

v.

RHONDA M. MEDOWS, M.D., in her official capacity as Commissioner of the Georgia Department of Community Health,

          Defendant.

1:08-cv-1811-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Rhonda M. Medows, M.D.'s ("Defendant" or "Medows") Motion for Summary Judgment [43] and on Plaintiff Patricia Ross's Motion to Substitute Exhibits [57].

### I.  BACKGROUND

On March 31, 2008, Plaintiff Patricia Ross ("Plaintiff"), employed as a Medical Program Specialist with the Georgia Department of Community Health ("DCH"), was suspended with pay, pending the results of an investigation into Plaintiff's alleged misconduct. On July 17, 2008, Plaintiff's employment was officially terminated.

Plaintiff, a white woman of Jewish descent, claims she was unlawfully discriminated against on the basis of her race and ancestry, in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[1] Dr. Medows, the Commissioner of the Georgia Department of Community Health, is the only remaining Defendant in this action, and is sued in her official capacity.[2]

Plaintiff's single cause of action against Medows is brought under 42 U.S.C. § 1983. Medows moves for summary judgment, arguing a defense of immunity and contending that Plaintiff cannot make a prima facie showing of discrimination. Plaintiff did not respond to Medow's brief or present any legal arguments as to why summary judgment is not warranted.[3]

---

[1] Plaintiff does not actually bring any Title VII claims in this action. In her Complaint, she represented that she was "in the process of exhausting her administrative remedies under Title VII" and would amend her Complaint upon receipt of a right to sue notice. (Compl. ¶ 7.) Plaintiff did not amend her Complaint.

[2] Plaintiff named three Defendants in this action, including her supervisor, Margie Preston, and Preston's supervisor, Mark Trail. On October 29, 2008, the Court dismissed Plaintiff's claims against Defendants Preston and Trail for lack of proper service.

[3] Plaintiff did respond to Medow's statement of undisputed material facts, and did file a statement of facts purporting to present issues for trial.

## II. DISCUSSION

A. <u>Standard for Summary Judgment</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." <u>Id.</u>

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. <u>Id.</u> "[C]redibility determinations, the weighing of evidence, and the drawing of

inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (internal quotations omitted).

B.  Section 1983 and Eleventh Amendment Immunity

The Eleventh Amendment affords the States constitutional immunity from suit. Alden v. Maine, 527 U.S. 706, 748 (1999). Because the State acts through its officials, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In a Section 1983 action against a state official in official capacity, as Plaintiff brings here, sovereign immunity

precludes an award of money damages.  Edelman v. Jordan, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants").

To permit federal courts power to prevent state violations of federal law, however, the Supreme Court carved out an exception to Eleventh Amendment immunity in Ex parte Young, 209 U.S. 123, 155-56 (1908) that allows courts to grant prospective injunctive relief against state officers.

In this action, it is undisputed that Defendant has not consented to be sued in her official capacity or otherwise waived the defense of sovereign immunity. Plaintiff seeks only prospective injunctive relief "reinstating her to her position, together with an order directing Defendant Medows to remove all allegations of misconduct from Ross' permanent file, and to refrain from acts of racial discrimination against Ross."  (Compl. ¶ 24.)[4]

Plaintiff's request for reinstatement to her job is a cognizable request for prospective relief under the Ex parte Young doctrine.  See Lassiter v. Alabama A&M University, Bd. of Trustees, 3 F.3d 1482, 1485 (11th Cir. 1993), vacated on

---

[4] Plaintiff states that Medows is "sued only [in] her official capacity and solely for the purposes of effectuating an award of equitable relief."  (Compl. ¶ 6.)

5

other grounds, 28 F.3d 1146, 1152 n. 9 (11th Cir. 1994). See also Nelson v. University of Texas at Dallas, 535 F.3d 318, 324 (5th Cir. 2008) ("a request for reinstatement is sufficient to bring a case within the Ex parte Young exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law"); Williams v. Commonwealth of Kentucky, 24 F.3d 1526, 1542 (6th Cir. 1994) (permitting reinstatement as prospective injunctive relief in a § 1983 action).

C.  Section 1983

Section 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. While not a source of substantive rights, Section 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

In order to prevail in an action under Section 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United

States, and (2) that the act or omission was done by a person acting under color of law. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Here Plaintiff alleges Medows denied Plaintiff the right to be free from racial discrimination.[5] Whether Plaintiff can prevail on her Section 1983 claim thus depends on whether she can prevail on a claim for racial discrimination.

D.   Unlawful Employment Discrimination on the Basis of Race

A plaintiff may prove a claim of intentional discrimination through direct evidence, circumstantial evidence, or through statistical proof of a pattern of discrimination. Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008). Plaintiff here does not offer any direct evidence of discrimination or any statistical proof. Plaintiff's case is based entirely on circumstantial evidence.

Circumstantial evidence of discrimination is evaluated using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).[6] Under the McDonnell Douglas framework, a plaintiff must show an inference of discriminatory intent, and therefore carries an initial burden

---

[5] Plaintiff presumably relies on the Equal Protection Clause of the Fourteenth Amendment.

[6] Although McDonnell Douglas was a Title VII case, Section 1983 claims are analyzed using the same elements where the claims are based on the same set of facts. Abel v. Dubberly, 210 F.3d 1334, 1338 n.3 (11th Cir. 2000).

of establishing a prima facie case of discrimination. Id. at 802. If the defendant produces legitimate nondiscriminatory reasons for the adverse employment action, the burden shifts back to the plaintiff to establish that these reasons are pretextual. Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). In some cases, the defendant's evidence of a legitimate, non-discriminatory reason for its actions may be so strong as to rebut completely the inference raised by the plaintiff's prima facie case. Grigsby v. Reynolds Metals Co., 821 F.2d 590, 596 (11th Cir. 1987).

If the employer meets "its burden of production, the presumption of discrimination is rebutted, and the inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Rioux, 520 F.3d at 1272-73 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981)). Plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). A plaintiff may not merely rest on her prima facie case in the

face of powerful justification evidence offered by the defendant. Grigsby, 821 F.2d at 596.

E.   Analysis

Plaintiff makes scant effort to present a prima facie case of discrimination. Defendant argues that Plaintiff's failure to file a brief in response to Defendant's summary judgment motion requires the Court to deem Plaintiff's claim abandoned.[7] The Court instead reviews the statement of facts that Plaintiff did file to determine whether a prima facie case might be made. The only facts Plaintiff presents that might support an inference of discrimination are:

> 74.   Ross testified under oath to the numerous instances of anti-Semitic statements and conduct throughout her tenure at DCH, including statements by Preston.
>
> 75.   These anti-Semitic statements and behavior included a regrettable incident in which Preston attacked Ross' character and Ross' compliance with Jewish dietary rules and publicly expounding [sic] on Judaism in an effort to humiliate Ross.
>
> 76.   Ross was replaced by . . . a non-Jewish, African-American female who has limited or no knowledge in the medical field . . . .

Pl.'s Statement of Material Facts ¶¶ 74, 75, 76. Notably, Plaintiff admits that Mark Trail, and not Preston, made the decision to terminate her employment and

---

[7] Defendant cites Davis v. Coca-Cola Bottling Co., 516 F.3d 955 n.36 (11th Cir. 2008) ("[Plaintiff] did not defend the claim on summary judgment, he thus abandoned it.") The Civil Local Rules of Practice also provide that a failure to file a response shall indicate that there is no opposition to the motion. LR 7.1B NDGa.

Plaintiff further admits that she never heard Trail make any racially disparaging comments. (Pl.'s Response ¶¶ 79, 92.)

Defendant argues that Plaintiff has failed to make a prima facie showing of discrimination because she cannot point to any evidence tying her Caucasian race or Jewish background to the decision to investigate her for misconduct or to terminate her employment. The Court finds that, at best, Plaintiff has presented an incredibly weak prima facie case of racial discrimination.

Defendant contends there were legitimate, non-discriminatory reasons for terminating Plaintiff. Defendant claims Plaintiff was investigated for improperly approving services under a generic billing code. Defendant states that Toni Prine, in the Program Integrity unit of DCH, decided to refer the matter to the internal investigation unit. According to Defendant, the investigation revealed additional problems with Ross's job performance, including that Plaintiff had: (1) given preferential treatment to a Medicaid provider; (2) improperly referred business to a Medicaid provider; (3) improperly provided confidential information to a Medicaid provider as well as supplying them with insider information on a competitor's business dealings; (4) mistakenly approved a claim which resulted in the purchase of a second $8000 bed that had already been provided to the patient; (5) attempted to collude with a Medicaid provider to write policy and open codes to benefit the

provider; (6) undermined her supervisory authority by forwarding an email to two Medicaid providers; and (7) been insubordinate when she continued to use the generic code after being instructed not to by her supervisor.[8]  Defendant states that the results of the investigation were reported to Trail, who decided to terminate Plaintiff.

The Court finds that Defendant has rebutted Plaintiff's weak prima facie case.  Plaintiff must now show that Defendant's stated reasons are a mere pretext for unlawful discrimination.  Rioux, 520 F.3d at 1272-73.  Plaintiff makes no attempt to do this.[9]  In her statement of facts, Plaintiff disputes the truth of allegations of misconduct, but does not present any evidence that the allegations of misconduct are pretextual.[10]  Whether the allegations are in fact true is irrelevant

---

[8] Defendant argues that Plaintiff is unable to show that any other employee had this many substantial performance issues and was treated differently.  Plaintiff offers no response.

[9] The Court will not make Plaintiff's case for her.  However, a careful review of the statement of facts Plaintiff filed reveals that the closest Plaintiff comes to even suggesting pretext is a claim that on June 10, 2008, Medows confirmed in writing that Ross had been terminated, despite the fact that an internal investigation into Plaintiff's alleged misconduct was still in progress.  Plaintiff was not officially terminated until July 17, 2008.  The Court concludes this is an insufficient basis upon which to argue that the stated reasons for Plaintiff's termination, that is, her misconduct, were pretextual.

[10] Plaintiff also does not present any evidence tending to show she was actually terminated because she is white or because she is Jewish.  Defendant directs the

for the purposes of establishing unlawful discrimination. What matters is whether the decision-maker believed the information to be accurate when terminating Plaintiff, and whether that belief was the basis for Plaintiff's termination. See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). Plaintiff does not provide any evidence on this issue.

The Court necessarily concludes that Plaintiff has failed to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs, 106 F.3d at 1538. Defendant's motion for summary judgment is required to be granted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Rhonda M. Medows, M.D.,'s Motion for Summary Judgment [43] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Patricia Ross's Motion to Substitute Exhibits [57] is **DENIED AS MOOT**.

---

Court's attention to Plaintiff's testimony that the reason she believes her termination was based on race is her feeling that she was terminated for "no reason" and based on "lies." (Def. Br. at 13 (citing Pl.'s Dep. at 124-25).)

**SO ORDERED** this 21st day of January, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE